IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON CHRISTOPHER WHEELER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, INC.; JEFFREY | : | |
| BEARD (*in his official capacity on behalf of the* | : | No. 09-410 |
| *Pennsylvania Department of Corrections*); **DAVID** | : | |
| **DIGUGLIEMO** (*in his official capacity on behalf of* | : | |
| *the State Correctional Institution at Graterford*); and | : | |
| JOHN DOES NO. 1 - 3; | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 1st day of September, 2010, upon consideration of defendants Beard and DiGuglielmo's motion to dismiss, the motion of Prison Health Services, Inc. and John Doe #1 (Richard Stefanic, M.D.), and plaintiff's responses thereto; following a conference at which all parties were present and heard, and for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. Defendants Beard and DiGuglielmo's motion to dismiss [**paper no. 31**] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to plaintiff's request for compensatory damages. It is **DENIED without prejudice** to a motion for summary judgment as to the official-capacity action for injunctive relief.

2. The motion of Prison Health Services, Inc. ("PHS") and John Doe #1 [**paper no. 32**] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to: (a) Count I against John Doe #1; (b) Count II in its entirety; and (c) Count III against PHS and John Doe #1. Because Count II fails as a matter of law, it shall not be reasserted in a third amended complaint. The motion is **DENIED without prejudice** to a motion for summary judgment as to Count I (plaintiff's Eighth Amendment claim) against PHS. The motion to dismiss based on the applicable statute of limitations is **DENIED without prejudice** to a motion reasserting the argument against the third amended complaint.

3. Plaintiff shall have forty-five (45) days to file a third amended complaint: (a)

correcting the caption by obtaining the names of the new secretary of the Department of Corrections and the new warden at SCI-Graterford; (b) substituting the John Doe defendants with properly named individuals; (c) addressing exhaustion of administrative remedies and the statute of limitations; and (d) specifying the nature of the requested prospective relief. During this forty-five (45) day period, plaintiff may conduct limited discovery regarding the identity of the John Doe defendants and the statute of limitations.

/s/ Norma L. Shapiro

J.